**Miguel CALDERON CORDOVA, Plaintiff,**

v.

**Lloyd Brasileiro PATRIMONIO NACIONAL, Defendant.**

**No. 67 Civ. 3155.**

United States District Court
S. D. New York.

Dec. 29, 1967.

Semel & Patrusky, New York City, for plaintiff.

Schaffner & D'Onofrio, New York City, for defendant.

MANSFIELD, District Judge.

Plaintiff, a citizen and resident of Puerto Rico, brings this purported diversity suit against defendant shipowner for damages for injuries suffered while working aboard the ship in Puerto Rico as a longshoreman employed by San Juan Mercantile Corp., alleging unseaworthiness and negligence, and demanding a jury trial. Undoubtedly because of the absence of an employer-employee relationship between the parties, no Jones Act claim is alleged. Although the complaint alleges that defendant, while not licensed to do business in New York, has a place of business in this District, the complaint neither states defendant's residence or principal place of business nor alleges it to be different from that of plaintiff.

Defendant moves to dismiss for lack of jurisdiction over the subject matter or, in the alternative, for transfer to the District of Puerto Rico pursuant to 28 U.S.C.A. § 1404(a) on the ground that since the accident occurred in San Juan where plaintiff resides, and where the witnesses and San Juan Mercantile Corp. are located, the more appropriate and convenient forum is in Puerto Rico, especially since the San Juan Mercantile Corp. may be interpleaded as a third party defendant there and the witnesses examined and subpoenaed for trial there at the least expense.

■ Absent proper allegations of diversity, as required by 28 U.S.C.A. § 1332(a) and (c), this Court lacks jurisdiction over a longshoreman's claim for damages for personal injuries caused by unseaworthiness in which plaintiff demands a jury trial. Romero v. International Term. Co., 358 U.S. 354, 79 S. Ct. 468, 3 L.Ed.2d 368 (1958); Paduano v. Yamashita Kisen K.K., 221 F.2d 615 (2d Cir.1955). The allegations that plaintiff resides in Puerto Rico and defendant maintains an office in this District are insufficient to claim diversity. The complaint must therefore be dismissed.

■ Even if the complaint were amended to allege diversity, sufficient facts have been presented to dictate that such an action be instituted in Puerto Rico where the accident occurred and where most, if not all, of the parties and witnesses are located. Prosecution of a diversity suit there would enable the defendant to interplead plaintiff's employer, the stevedoring concern involved, and to examine and subpoena witnesses and records at much less expense than would be required to transport them here for trial. The balance of convenience is thus strongly in favor of the District of Puerto Rico.

Accordingly the motion to dismiss is granted without prejudice to plaintiff's right to institute the action in the District of Puerto Rico, provided he can properly allege diversity, and on the further condition that if he institutes such action within 60 days, defendant will appear personally in that action.

So ordered.